UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA P., | ) |
|     Plaintiff, | ) ) ) No. 20-cv-4751 |
| v. | ) ) Magistrate Judge Susan E. Cox |
| KILILO KIJAKAZI, Commissioner of the Social Security Administration, | ) ) ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Laura P.[1] ("Plaintiff") appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. The Parties have filed cross motions for summary judgment.[2] For the reasons detailed below, the Commissioner's Motion for Summary Judgment (dkt. 21) is denied and Plaintiff's motion (dkt. 15) is granted. The case is remanded for further proceedings consistent with this opinion.

**I. Background**

    **A. Procedural History**

On July 5, 2017, Plaintiff filed claims for DIB and on July 25, 2017, she filed for SSI; both applications alleged an onset date of April 1, 2017. (R. 22.) Those claims were denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). (*Id*.) The hearing was held on February 11, 2019. (*Id*.) On July 25, 2019, ALJ Gregory Smith denied Plaintiff's claim, finding her not disabled under the Act and therefore ineligible for

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

[2] Plaintiff filed a Memorandum in Support of Motion for Summary Judgment [15] and the Commissioner filed a Response [21], both of which the Court construes as motions for summary judgment.

benefits. (R. 22-31.) The Appeals Council denied Plaintiff's request for review on July 7, 2020, (R. 1-4), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). Plaintiff appealed that decision to the United States District Court for the Northern District of Illinois on August 13, 2020. (Dkt. 1.)

The ALJ's decision followed the five-step analytical process required by 20 C.F.R. § 416.920. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 1, 2017. (R. 25.) At step two, the ALJ concluded that Plaintiff has the severe impairments of Lyme Disease, Morgellons Syndrome, and degenerative disc disease of the cervical spine. (*Id*.) At step three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of a listed impairment. (R. 26.) The ALJ next found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following restrictions: frequently able to climb ramps or stairs; occasionally able to climb ladders, ropes, or scaffolds; frequently able to balance, stoop, kneel, and crawl; occasionally able to crouch; and occasionally able to work at unprotected heights, around moving mechanical parts, in humidity, wetness, or vibration. (R. 26.) At step four, the ALJ concluded Plaintiff was able to perform her past relevant work as a Cafeteria Attendant and Home Attendant. (R. 30.) These findings led to the conclusion that Plaintiff is not disabled as defined by the Social Security Act. (*Id.*)

Plaintiff was not represented by counsel at the time of her hearing before the ALJ. Plaintiff and the ALJ went through a fairly lengthy colloquy regarding her waiver to the right to counsel at the hearing. The Administrative Record also demonstrates Plaintiff received two pamphlets entitled "Your Right to Representation" that explained the roles counsel may play in Social Security proceedings, the availability of free counsel or counsel that might work on a contingency basis, and the limitation on attorney fees to 25 percent of past due benefits and the requirement for court approval

of those fees. (R. 170-171, R 187-188.) At the hearing, the ALJ assured Plaintiff he would get any additional information Plaintiff wished to supply. (R. 42, 46.)

The record reflects that Plaintiff suffered from problems with her lumbar spine. At the hearing, Plaintiff testified she had had three surgeries on her lower back, and that the third surgery had been helpful; she did not report problems with her lower back at that time. (R. 57.) However, there are several points in the record where Plaintiff complained of lower back pain. At a consultative examination with Dr. Dinesh K. Jain, M.D., Plaintiff complained of lower back pain at a seven or eight out of 10 that radiated into her right leg. (R. 553.) At a later consultative examination, Dr. Albert Osei, M.D., noted that Plaintiff "has lower back pain that has required surgical intervention on three occasions but the pain is persistent." (R. 604.) Upon examination, Dr. Osei found that Plaintiff's lumbar spine range of motion was "reduced because of pain." (R. 607.) The ALJ noted that Plaintiff testified at the hearing her lower back pain "was no longer an issue," and "[y]et when sitting for her internal medicine consultative examination in June 2018 (expressly for the purpose of determining disability), she reported continued lower back pain." (R. 28.)

**II. Social Security Regulations and Standard of Review**

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. ALJs are required to follow a sequential five-step test to assess whether a claimant is legally disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; and (3) whether the severe impairment meets or equals one considered conclusively disabling such that the claimant is impeded from performing basic work-related activities. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920(a)(4)(i)-(v). If the impairment(s) does meet or equal this standard, the inquiry is over and the claimant is disabled. 20 C.F.R. § 416.920(a)(4). If not, the evaluation continues and the ALJ must determine (4) whether the claimant is capable of performing his past

relevant work. *Cannon v. Harris*, 651 F.2d 513, 517 (7th Cir. 1981). If not, the ALJ must (5) consider the claimant's age, education, and prior work experience and evaluate whether she is able to engage in another type of work existing in a significant number of jobs in the national economy. *Id*. At the fourth and fifth steps of the inquiry, the ALJ is required to evaluate the claimant's RFC in calculating which work-related activities she is capable of performing given his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). In the final step, the burden shifts to the Commissioner to show there are significant jobs available that the claimant is able to perform. *Smith v. Schweiker*, 735 F.2d 267, 270 (7th Cir. 1984).

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young*, 362 F.3d at 1001. Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). Even where "reasonable minds could differ" or an alternative position is also supported by substantial evidence, the ALJ's judgment must be affirmed if supported by substantial evidence. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008); *Scheck*, 357 F.3d at 699. On the other hand, the Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535,539 (7th Cir. 2003); *see also*, 42 U.S.C.§ 405(g).

### III. Discussion

The Court remands this case for further proceedings because the ALJ did not adequately perform his duty to develop the record for a claimant unrepresented by counsel. Although a claimant has a statutory right to counsel, "a claimant can waive that right once advised of '(1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees.'" *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019) (quoting *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007)). However, "so long as it contains the required information, written notice adequately apprises a claimant of his right to counsel," and the Seventh Circuit has ruled that the "Your Right to Representation" pamphlet at issue here satisfies the requirement. *Id*. at 497. As such, the Court finds that Plaintiff was adequately informed of her right to counsel prior to waiving that right.

Regardless of whether the ALJ obtained a valid waiver of counsel, "the ALJ has a duty 'scrupulously and conscientiously [to] probe into, inquire of and explore for all of the relevant facts....'" *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994 (quoting *Smith v. Sec'y of Health, Education, & Welfare,* 587 F.2d 857, 860 (7th Cir.1978)). "The ALJ's duty to develop the record fully and fairly where the claimant proceeds without counsel is met if the ALJ probes the claimant for possible disabilities and uncovers all of the relevant evidence." *Jozefyk*, 923 F.3d 492, 497 (7th Cir. 2019) (citing *Binion*, 13 F.3d at 245).

The Court does not believe the ALJ fully and fairly developed the record or "scrupulously and conscientiously" probed into the relevant facts relating to Plaintiff's lumbar spine problems and surgical interventions. For example, the Administrative Record leaves the Court guessing as to the exact nature of the surgeries, when they were performed, why they were performed, who performed them, where they were performed, the diagnoses that led to the surgeries, and the prognosis for

recovery. The record is virtually devoid of any discussion of these surgeries other than the brief testimony at the hearing and Dr. Osei's passing reference to them in his consultative report. The Court understands that Plaintiff stated that she was not suffering from lumbar spine pain at the hearing and she had achieved pain relief following the third surgery, but the record shows that only a few months earlier she was complaining about radiating pain in her lower back and demonstrated a limited range of motion as a result.[3] The Court believes the ALJ had a duty to elicit more detailed testimony about this injury and obtain all the relevant medical treatment records relating to that issue. *See Binion*, 13 F.3d at 245 (ALJ fulfilled duty to develop the record where he "obtained all of the medical and treatment records from plaintiff's treating physicians," elicited detailed testimony at the hearing, and probed into all of the relevant areas, questioning plaintiff about the medical evidence in the file, her medication, pain, daily activities, and physical ability to perform a number of activities.) By failing to do so, the Court finds Plaintiff was prejudiced and that this error warrants remanding the case for further proceedings.

**IV. Conclusion**

The Commissioner's Motion for Summary Judgment (dkt. 21) is denied and Plaintiff's motion (dkt. 15) is granted. The case is remanded for further proceedings consistent with this opinion.

Entered: March 21, 2022

_____
United States Magistrate Judge,
Susan E. Cox

---

[3] The Court is also troubled by the ALJ's oblique implication that Plaintiff's reports of lower back pain were examples of malingering by Plaintiff. To reach such conclusions, the ALJ would need to do significantly more work to analyze and understand the nature of Plaintiff's lumbar spine issues. The accusation also does not make sense. Plaintiff testified to the ALJ she did not have back pain at the time of the hearing. Why would Plaintiff exaggerate the nature of her back injury for the consultative examiners but not for the ALJ who has the power to determine whether her claim succeeds or fails? Certainly, the hearing before the ALJ was no less "expressly for the purpose of determining disability" than the consultative examinations. (R. 28.)